IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02418-RPM

LS DEVELOPMENT ENTERPRISES, INC.,
a Colorado corporation

        Plaintiff,

v.

FOREST CITY COMMERCIAL GROUP, INC.
an Ohio corporation

        Defendant

## ORDER GRANTING MOTION TO STAY AND TO COMPEL ARBITRATION

On or about May 17, 1999, the plaintiff and the defendant entered into an Operating Agreement for Stapleton Enterprises, LLC, a Colorado limited liability company. The plaintiff and the defendant are the only two members of Stapleton Enterprises, LLC.

On November 29, 2005, the plaintiff brought this action against the defendant, claiming breach of the Operating Agreement, breach of fiduciary duties, breach of the duty of good faith and fair dealing, and fraud in the inducement of the Operating Agreement. Federal jurisdiction is provided by 28 U.S.C. § 1332. On January 17, 2006, the defendant moved to stay this action and to compel arbitration pursuant to Sections 6.16 and 6.17 of the Operating Agreement. The plaintiff opposes that motion, arguing that those provisions do not require arbitration and that section 6.5 of the Operating Agreement provides for the litigation, rather than arbitration, of claims for willful misconduct, fraud or breach of fiduciary duty.

A motion to compel arbitration under a written agreement is governed by 9 U.S.C. § 4. Pursuant to that section, the court must direct the parties to proceed to arbitration in accordance with the terms of the agreement "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

Section 6.16(a) of the Operating Agreement, under the heading "Disputes Subject to Arbitration," states:

> If mutual agreement cannot be achieved with respect to any matter (the absence of agreement on that matter being referred to herein as a "Dispute") within the prescribed (10) business day period, the parties may wish to provide for an efficient and prompt resolution through thereof through the arbitration mechanism of Section 6.17, rather than through litigation. Accordingly, the Members hereby waive their rights to institute litigation with respect to any dispute arising under this Agreement, and consent instead to be bound by the results of arbitration conducted in accordance with Section 6.17 hereof.

The plaintiff does not challenge the validity of this contractual provision. The court is satisfied that the making of the agreement for arbitration is not an issue.

Upon the plaintiff's filing of the complaint, the defendant timely moved to compel arbitration. The plaintiff's arguments about the scope of the arbitration agreement and its contentions that this matter is not arbitrable because of procedural defects or delay on the part of defendant are matters to be determined in the context of the arbitration proceeding.

Accordingly, it is

ORDERED that the defendant's motion [doc. 9] to compel arbitration is granted, it is

FURTHER ORDERED that this action is stayed pending the completion of arbitration proceedings.

Dated: March <u>24th</u> , 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge